IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS FRY, and all others )
similarly situated, )
 )
 )
           Plaintiff, )
 )
 v. ) No. 06 C 3723
 )
EXELON CORPORATION CASH BALANCE )
PENSION FUND, )
 )
           Defendant. )

## OPINION AND ORDER

Plaintiff Thomas Fry contends he was entitled to a lump sum distribution from his "cash balance" retirement plan (defendant Exelon Corporation Cash Balance Pension Plan ("the Plan")) that included a "whipsaw calculation." See generally Berger v. Xerox Corp. Retirement Income Guarantee Plan, 338 F.3d 755, 757-63 (7th Cir. 2003); West v. AK Steel Corp., 484 F.3d 395, 399-401 (6th Cir. 2007). Whether Fry was entitled to a whipsaw calculation depended on the definition of "normal retirement age" as used in the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. On defendant's motion to dismiss, it was held that the Plan's definition of normal retirement age based on a term of service

was permitted under ERISA and therefore plaintiff was not entitled to a whipsaw calculation since he retired at normal retirement age under the terms of the Plan. See Fry v. Exelon Corp. Cash Balance Pension Fund, 2007 WL 2608524 (N.D. Ill. Aug. 31, 2007) ("Fry I"). Plaintiff's individual cause of action was dismissed with prejudice and the putative class claims were dismissed without prejudice.

Plaintiff timely moved for reconsideration of the dismissal of his individual claims.[1] Plaintiff argues that the court failed to address the effect of amendments to tax regulations that occurred in May 2007, well after plaintiff's lump sum distribution. Plaintiff also contends that the court inappropriately considered an argument raised by defendant in its reply and improperly made fact determinations regarding accrued frozen benefits that plaintiff had from a prior pension plan that the Plan replaced. Alternatively, plaintiff contends his claims regarding the accrued frozen benefits should have been dismissed without prejudice to leave open the possibility of pursuing administrative remedies regarding those benefits.

---

[1] Dismissal of the putative class claims is not addressed in the motion for reconsideration.

This bench disfavors rulings based on waiver. Attempts are made to provide parties with sufficient opportunity to address all appropriate issues. For example, on defendant's motion to dismiss, initially there was defendant's supporting brief, a supplement to that brief, plaintiff's answer brief, and defendant's reply. Thereafter, the parties were granted leave to file plaintiff's surreply, defendant's response to the surreply, plaintiff's supplement to his surreply, and defendant's response to the supplement. That still was not the end. Defendant submitted supplemental authority with an accompanying brief, which was the new regulations now relied on by plaintiff in his motion for reconsideration. Plaintiff filed a response to the supplemental authority and defendant filed a reply. Thereafter, plaintiff filed another citation to supplemental authority (a Seventh Circuit case) with an accompanying brief and defendant filed a response. Each party had a more than ample opportunity to address issues and respond to the other side's contentions prior to the motion to dismiss being granted.

The new regulations relied on by plaintiff were issued on May 22, 2007 to be effective that date[2] and prospectively. See

---

[2] In certain situations not applicable to this case, the effective date is later.

26 C.F.R. § 1.401(a)-1(b)(4); Distribution From a Pension Plan Upon Attainment of Normal Retirement Age, 72 Fed. Reg. 28604 (May 22, 2007). As part of a policy change permitting certain distributions prior to retirement, the new regulations require that "normal retirement age under a plan must be an age that is not earlier than the earliest age that is reasonably representative of the typical retirement age for the industry in which the covered workforce is employed." 26 C.F.R. 1.401(a)-1(b)(2)(i). Thus, unlike the ERISA statute (29 U.S.C. § 1002(24)) and tax statute (26 U.S.C. § 411(a)(8)) and then-applicable regulations discussed in Fry I, the new regulations require that normal retirement age be an actual age, not a length of service. There is no indication that this change is based on a reinterpretation of statutory provisions defining normal retirement age. To the contrary, tax regulations tracking the statutory language defining normal retirement age were not changed. See 26 C.F.R. §§ 1.411(a)-7(b)(1), 1.401(a)-11(b)(5).

In Fry I, the new regulation was not addressed because it is prospective only and therefore inapplicable to plaintiff's lump sum distribution that occurred years prior to the effective date of the new regulation. Plaintiff now argues that, even if not directly applicable to his situation, the regulation is an

administrative interpretation of the statute that is subject to deference and instructive as to how the relevant statutes should be construed. There, however, is no indication that the new rule is based on a reinterpretation of the statutory definition of normal retirement age. The new regulation, which is prospective in nature, clearly states that prior to the May 22, 2007 effective date, a plan was "permitted to have a normal retirement age lower than age 65, regardless of the age at which employees customarily retire in a particular company or industry." 72 Fed. Reg. 28604 (May 27, 2007) (citing Rev. Rul. 78-120, 1978-1 C.B. 117).

The prior ruling will not be modified based on the new regulations. The holding that plaintiff attained normal retirement age under the terms of a cash balance plan and therefore was not entitled to a whipsaw calculation will not be modified.

In his original answer brief to the motion to dismiss, plaintiff contended that, regardless of defendant's contentions regarding normal retirement age under the Plan, distribution of his accrued frozen benefits that were converted from a prior traditional retirement plan was still entitled to a whipsaw calculation because the service-based normal retirement age

provision of the Plan did not apply to those benefits. Instead, plaintiff contends the normal retirement age applicable to the accrued frozen benefits was age 65. In its reply, defendant responded that age 65 retirement was already used to calculate how much went into that account at the time of conversion and therefore an additional whipsaw calculation was not necessary. Although permitted to file a surreply as well as all the other additional briefs listed above, plaintiff never disputed this contention contained in defendant's reply. Therefore, the court accepted this legal representation as uncontested and adopted it as the basis for dismissing any claim based on the accrued frozen benefits. The court, though, noted the possibility that plaintiff could challenge any underlying factual dispute or dispute about plan interpretation in administrative proceedings to the extent still available. See Fry I, 2007 WL 2608524 at *5.

After judgment was entered, plaintiff has finally responded to defendant's contention regarding the accrued frozen benefits. Since plaintiff had the opportunity to respond to this contention in his surreply but did not, cf. Thomas v. Exxon Mobil Oil Corp., 2007 WL 489225 *3 (N.D. Ind. Feb. 8, 2007); Black & Decker, Inc. v. Robert Bosch Tool, 2006 WL 3883937 *3 (N.D. Ill. Dec. 27, 2006); Fletcher v. ZLB Behring LLC, 245 F.R.D. 328, 336

n.2 (N.D. Ill. 2006); Butler v. Corral, 1999 WL 1069246 *2 n.3 (N.D. Ill. Nov. 22, 1999), this argument could be treated as waived for purposes of being raised in a post-judgment motion. See Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996); Stransky v. Cummins Engine Co., 51 F.3d 1329, 1336 (7th Cir. 1995); Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985); Moore v. Cingular Wireless, 2005 WL 2989882 *1 (N.D. Ill. Nov. 3, 2005). Still it is within the court's discretion to consider arguments that could have been raised, but were not adequately argued by the litigant before judgment. See Sosebee v. Astrue, 494 F.3d 583, 589-90 (7th Cir. 2007); Stransky, 51 F.3d at 1336; In re UAL Corp., 360 B.R. 780, 783-84 (Bankr. N.D. Ill. 2007). The arguments that plaintiff now raises regarding his accrued frozen benefits will be considered to the limited extent discussed below.

A whipsaw calculation only applied to cash balance pension plans. See IRS Notice 96-8, 1996-1 C.B. 359 (Feb. 5, 1996); Fry I, 2007 WL 2608524 at *1. Defendant contends that no whipsaw calculation applied to plaintiff's accrued frozen benefits because, following the conversion, those benefits remained part of a traditional pension plan distinct from the new

cash balance plan. In accordance with rules applicable to traditional plans, those benefits were calculated to their present value based on a normal retirement age of 65. This is a matter of plan construction based on the terms of the conversion as stated in the current Plan. Plaintiff, however, contends that it is a factual matter that the accrued frozen benefits were made part of the cash balance account as shown by the fact that he received consolidated statements covering both the accrued frozen benefits and the post-conversion benefits that accumulated in his cash balance account.

Presently, defendant contends that a determination of whether the accrued frozen benefits are benefits under a cash balance pension plan is a purely legal question based on construing terms of the Plan. That, however, is not an entirely accurate characterization of possible issues before this court. As contended by defendant in the initial motion to dismiss, there are administrative procedures for challenging determinations made by the Plan. See Plan § 10.2. The Plan is administered by a group of not less than three members known as the "Committee." Id. § 10.1(a). "The Committee shall have the duty and authority to interpret and construe the Plan in regard to all questions of eligibility, the status and rights of Participants, Beneficiaries

and other persons under the Plan, and the manner, time, and amount of payment of any distribution under the Plan." Id. § 10.1(d). Construction of the Plan's terms by the Committee would be entitled to deferential review should any such decision be challenged in court by a participant. See Shyman v. Unum Life Insurance Co., 427 F.3d 452, 455 (7th Cir. 2005). Plaintiff affirmatively alleges in his complaint that he did not pursue administrative remedies. In Fry I, 2007 WL 2608524 at *2, plaintiff was not required to exhaust administrative remedies because the perceived issue before the court was a question of statutory interpretation--the meaning of normal retirement age-- for which no deference to the Plan was due. As now framed, though, the issue regarding accrued frozen benefits requires construction of Plan terms and possibly resolution of factual issues. The determination of those issues by the Plan would be entitled to deference. Therefore, the court declines resolving the issue of whether plaintiff was entitled to a whipsaw calculation in determining the amount of accrued frozen benefits he was entitled to receive. As to accrued frozen benefits, the judgment will be amended to expressly provide that plaintiff's claim is dismissed without prejudice. No opinion is expressed as to whether, at this time, plaintiff may still bring an

administrative claim regarding those benefits. It is left to the Plan to resolve that issue in the first instance.

IT IS THEREFORE ORDERED that plaintiff's motion to alter or amend judgment [48] is granted in part and denied in part. The judgment entered on September 5, 2007 is vacated and the Clerk of the Court is directed to enter an amended judgment in favor of defendant and against named plaintiff (a) dismissing plaintiff Thomas Fry's claim for a whipsaw calculation with respect to defendant's Cash Balance Plan with prejudice, (b) dismissing plaintiff's claim for a whipsaw calculation with respect to his accrued frozen benefits without prejudice, and (c) dismissing the putative class claims without prejudice.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 21, 2007